The grand jury charged Ricky Davis with attempting to sexually traffic a minor. In order to prove and attempt, the government needed to prove beyond a reasonable doubt that Davis consciously desired to sexually traffic a minor and that he committed sufficient conduct such that the offense would occur in the absence of intervening circumstances. Where the record is that Davis never discussed sex for money with Bianca, the record is that Bianca testified repeatedly that she never understood, which was with Davis that they were discussing. So you're not talking about the sufficiency of the evidence? Yes, Your Honor. But does her understanding, is it determined when it appears at least that he posted images on a distorted website? Isn't that sufficient evidence for a jury to reasonably infer that he attempted to traffic her? No, Your Honor. For one, there's not evidence that he in fact knew at that time that the website did include ads for prostitution. I think it's very revealing that when Bianca, I think it is significant that she didn't understand that they were discussing sex for money because when she went to a third party and then learned that she couldn't make money by having sex and went back to Davis and asked him to help her make money by having sex, that he refused to do it. He took the ad down. He deleted the pictures from his phone. I mean, that's all in a jury, and it's something a jury might believe. The question is whether or not there's any evidence which would reasonable jury might have deferred his attempt. I mean, it seems to me, putting aside the introduction to somebody else here, which I think may or may not have been him, the fact that he took these images and put them on the website and he claims that he knew it was a mystical website that he was trying to use, why isn't that enough to get it to the jury? Well, he had to, the government had to prove beyond a reasonable doubt that he consciously desired to sexually assault her. Right, but they only have to produce substantial evidence. We're talking about sufficient evidence here. So they only have to produce evidence which a reasonable jury could infer that he's content with his traffic. And for me, I have a hard time getting just the fact that he took pictures of his partner and put those pictures on this one website. Well, there's two issues aside from the fact that when she specifically asked him to help and he refused to do so. That's great evidence on your side of it, but it doesn't mean this other evidence isn't there. So explain to me why that evidence isn't enough to get to a jury. There's two other issues here that the government had to prove beyond a reasonable doubt. They had to prove that he consciously desired to sexually assault a woman, specifically a minor. And Congress has been very clear when it wants to create a specific rens rea in the context of an attempt to fence, that it knows how to do it. And I would point the court to 18 U.S.C. 2241, aggravated sexual abuse. In that case, Congress specifically said that for an attempt to fence, the government does not need to prove knowledge with respect to the individual status as a minor. However, Congress did not do that here. This is a generic attempt to fence. Therefore, this case, this court's opinion in the United States v. Ramirez-Martinez governs. Ramirez-Martinez stated that that was a case about an attempt for trafficking, for transporting undocumented aliens. And the issue is what attempt, what rens rea goes to the attempt and the status, specifically the status of an undocumented alien. And while in that offense, just like here, recklessness was enough with respect to the status for the exhaustive offense, when you came to attempt, the court said, no, that's not enough. You had to consciously desire. Now you're getting to sort of the court's instructions, right? No, you're wrong. Because in this case, in this case, I know you're very interested in this argument, but in this case, the court had struck, the jury couldn't determine that he actually knew the agent on the right. They were insulted that that was a ground for finding liability. I'm not discussing right now. It started as truth, so I'm not discussing that right now. I'm discussing truth beyond a reasonable doubt that Davis consciously desired to sexually traffic not just anyone, but specifically a minor. And the government had to prove beyond a reasonable doubt that he had a conscious desire to sexually traffic specifically a minor. That's Ramirez-Martinez. This person? Yes. It was a minor? Absolutely. But whether the evidence is that Davis proved beyond a reasonable doubt that Davis consciously desired that he be a minor, I don't think that the... Well, let's say you're saying, let me get this right, you're, in other words, once you get the argument, I'm just going to have to take reasonable doubt that that is a minor. But you're saying that if I traffic someone who I know to be a minor, I also have to want her to be a minor. Davis had to prove that he consciously desired that she be a minor, and I mean there was no finding. So that's what I'm saying. So even if I know she's a minor, as long as I don't care, you're saying there's no liability on any of these abstentions. I'm saying that... Yes, I know. That's your argument. But it's... Yes, the conscious state desire that she be a minor, even... I don't care how old you are, you lady. I don't want to be afraid to kill you. Well, first of all, I would say that there absolutely was no finding that Davis knew she was a minor. The record is all over the place and the jury was never... What was the jury instructed on the exam, Kim? The jury was instructed that it could find Davis liable as long as he had a reasonable opportunity to observe her. So the record is all over the place with respect to what she may or may not have ever said her age was. We have the district court saying she was physically developed between the age... You're making a sufficiency of the evidence, Your Honor. Yes, Your Honor. Okay. And there is sufficient evidence in the district court, I think, for what your jury could conclude that Davis knew she was minor. Right? I... That requires a credibility assessment. Sure, but that's what juries do. But the jury didn't do that, Your Honor. The jury wasn't asked to do that because the jury was allowed to... Now you're making a different argument. You're making an argument about what the jury was instructed about or wasn't instructed about. Forget the instructions, for a second. Just focus on the crime. The crime is attempted. Trafficking. Trafficking of a minor. Sufficient evidence in this case from which the jury could conclude that Mr. Davis knew he was a minor. Sufficient evidence. Maybe you're right. There's not sufficient evidence to show that he attempted to traffic. You can evaluate that, Your Honor. But what I don't understand is your argument that even if those two factors are present, he must also have had a subjective intent to traffic a minor as opposed to a subjective intent to traffic anyone. That's a much more general condition. It seems like a strange thing for us to do. Well, I think we're sort of talking across the line. I'm not suggesting that if the jury found that he knew that that would not be sufficient evidence. But once the jury found there wasn't sufficient evidence. So I think we're in agreement on that subject. I don't want to parse that. It's your verdict, Your Honor. Can I do one more? Because there's one more reason why this fails as an attempt, and that's the actus reus. Because the actus reus has to have the, in this particular case, the actus reus that was prescribed in the statute was not advertising. That's what the government hinges actus reus argument on a substantial step. Here, the only prescribed conduct that Davis was engaged in was enticing, and specifically enticing to take naked pictures to go on dates. That is not sufficient to satisfy the contempt liability for a substantial step. The taking of the pictures was a preparatory step. Sure. But enticing to pictures on an escort website, if we think that something forced your jury to make a reasonable conclusion, is more than a preparatory step, is it not? But the act of advertising was not prescribed. And when it was prescribed, Congress specifically put safeguards in place that the jury had to find that the defendant knew that the act would cause the individual to engage in sexual trafficking and knew that the individual was a minor. Okay. I understand your sufficiency to have an authority, but my skepticism about it is something I'll address when we get back to it, but would you move on to the other court? Yes, Your Honor. I don't think that there's any doubt here that there was a constructive amendment. A constructive amendment occurred when the Supreme Court in Miller said that certainly an indictment can be as broad as the statute, but in cases, other cases, we have to look to what the jury, the grand jury specifically selected in terms of the theories and the elements. And the Supreme Court in Sterone and the Supreme Court in Hesed and Shipsy have all said we don't look to the breadth of the statute, we look to what the grand jury actually charged. You've got some cases, I'm not sure I understand what you're saying, and if we think they're reasonable, the grand jury would have indicted them in effect on three probes, then we shouldn't find a variance. Does that not help? In other words, in this case, I don't think there's any doubt here that the government goes through and put a third prong into the indictment. Is that enough for us to get a variance? A constructive amendment is absolutely a constructive amendment. The defendant has a substantial right to be tried only on the charges that are returned by the grand jury, and specifically the elements that are returned by the grand jury. There's three theories here. The individual could have an impact. But I don't think you're addressing the jurors' questions. They would agree to me and answer the same thing, I guess. And I think we all agree that it would be a real but. I mean, do you have to show prejudice? Absolutely not. There's a substantial right to be charged on only the... So if that right is violated, do you have to show the defendant prejudice by that? No, absolutely not. So what case do you assign for the proposition that this is structural error? That this is structural error? I mean, I think we've looked at... What case do you assign for the proposition that this is structural error? I think that it presents and should say also that it's mandated. But how about they say there has to be a substantial constructive? In other words, a constructive amendment has to be such that at least we can look at it and say, yeah, this is something that would prejudice the jury. Instead, you don't have to show that the jury would reach a different conclusion. There's three different theories here, Your Honor, and the government admits that it presented the entire evidence to the grand jury and it elected to return an indictment on only two of those theories. And the election doesn't make any difference to me. Whether it elected or failed to doesn't make a big difference to me. The government is intended. There don't have to be bad guys here. They can just be the result of it. I'm talking about the grand jury and the theory that it returned. Well, you don't have any evidence. See, that's why this is not a particular case. You don't have any evidence that they offered three theories to the grand jury and the grand jury opted for the two. Do you? I don't. They have the statute. I know. So all you need for presenting the case is the grand jury. Do you have the grand jury address with you? I don't, Your Honor. Okay. Did you ask for it? I believe that defense counsel below asked for it. And I'm not sure whether they received it. My point is, you're over-arguing. It doesn't have to be that the grand jury opted for two of the three. The grand jury just charged two of them. And so that's the notice you got. I don't care why it happened. That's the notice you got. So the question is, when the court expanded it to a third order, why did it recall it? Well, there's a difference between having a reasonable opportunity to observe and being reckless, as the Fifth Circuit discussed, and at least FAA and other courts have discussed, that having a reasonable opportunity to observe, that's essentially strict liability, and it has to be a substantial amount of observation for that to possibly justify it. So your argument, I take it, and I make it for you, is that while you display a potent, in this case, substantial opportunity to observe because your client spent some time with this woman and took a bunch of pictures of her, and so the jury might well have depicted him on that theory without worrying about whether he acknowledged recklessness. Is that right? I think that – I'm not sure that that's true, Your Honor. Well, because if there wasn't a substantial opportunity to observe, it's not established by this record, it is constructive and it doesn't make any of it any more sensible. I think he has – it absolutely makes sense. Don't fight me, complicated. I understood, Your Honor. In other words, you're not arguing that the evidence, that there was a substantial opportunity to observe in a sufficient way. Because if you are, then you're constructive. If you succeed on that argument, you lose on your constructive argument. No, I'm not arguing that. I'm arguing that that was not in the – Your position is that the jury can fix an uncharged theory when they're involved in it. I think that you have a substantial right to be tried on the charges that are put forth. Let's say you're right. Are all the sentencing issues you raised related to putting the woman without understanding of her, so there's a re-sentence. Would you argue it's reasonable to say anything about that? Well, I think the issue with respect to acceptance of responsibility would go back to the court and the court will need to make a decision. The court would re-sentence on an open record. That's correct. The court would need to re-sentence. I understand your last point because you think it's important to me. There are cases that say constructive amendment can be harmless if it's absolutely impossible for the jury to convict an uncharged theory. You are admitting that the jury has sufficient evidence for it to convict a reasonable uncharged theory. That was the government's argument over and over again. Yes. Yes. Because if you think there wasn't and we find anything, then it seems to me we might well say that you're right. You're joining the NCO. Can you put in your variance or your constructive amendment? Because you couldn't possibly have breached the first example that he'd sent to the jury. You make an analogy, right? It was an escort on proof that the defendant was watching. That would have been a constructive amendment in the indictment, but you couldn't have suffered any breaches from it. It was the government's argument that that was the argument that he made. Are there any questions? On behalf of the United States, before I get to explaining how the government did not move and particularly how there was no breaches, the defendant by the time the district court addressed these two preliminary matters, I'd like to raise one. Yes, the defendant did get the grand jury transcript as part of Jake's production prior to trial. And the contents of that transcript was argued before Judge Easton when we argued the 1591C that was priority and what the content of the 1591C transcription should be. So the timing from the district court's perspective. Does it matter? It seems to me in this case, we have an indictment which says now the jury has decided. Correct. And then we have the jury asserts it was acknowledged by a court so it's a reasonable opportunity to observe this claim. I understand your substantive arguments as to why that third thing is no different than you can get to those. But does it matter how it got to the indictment? Because specifically, how does it matter that it got to the indictment? Because I'm sorry, whenever I see somebody make a mistake, the first thing that happens is, you know, so I get to the point where the defendant wasn't defending what they did, but it doesn't matter. Whether it was a mistake, whether it was intentional, whether or not it was a scrivener's error, the truth is that the issue that I'm talking about is whether or not the addition and the obstruction of reasonable opportunity to observe varied sufficiently from the indictment to modern law. Isn't that the only issue in front of us? That's one of the six issues. I mean, how does it matter? I mean, how does it matter? I mean, that's the issue. It does matter. What I'd like to explain is Judge, or the District Court, he honored the law with respect to all of the issues. And what he did was he followed the processes basically available to him in this circuit. And very rarely, for example, the reason it's easier, it might be an easier one, is the 2251 instructions. What did he do? He applied the discourse-varied-model instructions. One of the things, the discourse-varied-model is not just based on the statute. It's 1531. And this court's candidate decision, which now is... Everybody agrees this is a proper instruction under the statute. That's what the court is telling you. I'm talking about the 2251s. That was the easier analysis that a judge had in the district court. Okay. Now, let's get back to the issue we're talking about. That's fine. So what to do with respect to the 1591 trudge? This court doesn't offer all the instructions. What the judge used to do is he referred to the statute. Now, again, this is my question. It's a perfect statutory instruction. It's perfectly described in three ways. Right. What can be convicted under the statute, he said. Nope. The question is, is that instruction the other way of convicting this defendant who wasn't in here during the trial? In that trudge, as you see, what his accent was, well, let's figure out if there's an intersective amendment here. Yes. What did he do? He went to the museum and started to publish cases, or the sports publisher case, and he looked at the elements. One, is there different facts of this fight supported? How important does it work out to where it did? By this time, he had heard the argument about the content in the grand jury transcripts that was already provided by the trial. I didn't see the facts in the trial. But here's the bottom line. This defendant, a defendant who doesn't know the age of the victim, and he's not recklessly showing the age of the victim, so that's still a victim. It looks like she's 25, but it's really 14. It's wise to do that at a better age. His idea disrupts you, even if there wasn't sufficient evidence to show knowledge or recklessness. If the government proves that the defendant had a reasonable opportunity to observe the victim, he may be convicted. Correct? That's correct. Okay. The jury was, so the indictment did not apply to his reasonable opportunity. But in other words, put differently, one can have a reasonable opportunity to observe but not have knowledge or recklessness. Correct? That's correct. So in this case, when the jury held that he was the juror, the defendant that was held in court did what? Discurrent. And for the reasons the district court explained on the record, he looked at what was presented in the grand jury based on the arguments of counsel. He didn't see what the evidence was that came in. Let's not forget this evidence. It's easy to focus just on two elements versus three. What we have here is J.J. Do you have any evidence to prove that? I don't have that. Thank you. No, we're still here. We're just looking. You're J.J. Defense's OHA letter, right? Yes, I have. Signing a law card. A law card. It's a law card. Yes. A law card. And it really destroys your case. A law card is a distinguishing facts. It's a fact of all matters. Just talk about this. The statute in which you charge, it's the indictment, and what the instruction says, right? A law card says that it's an essential element. Scienter is an essential element of the crime. And you vary what can constitute scienter. It's an uncharged element that can be proven insufficiently. But using a law card doesn't. If we adopt a law card in the first verdict case, do you think that doesn't lead to a little bit of a misdemeanor? That's correct. I think a law card is probably quite an option. And bolts are both distinguishing. I'll tell you right now why. Bolts do. Bolts do. I'll tell you why. Well, bolts, if you read in this court's document, which is the government's brief on pages 3 and 4, and don't get number 14 of that case, they get into what the HL evidence is. What happened in that case, the bolts case, the victim approaches a defendant in Reno. He wanted a cigarette. He asked her if she was in high school.  I said, I graduated in high school. The evidence in bolts is of all the defendants. Yeah, I know. But it's your argument that the evidence here, the abuse of knowledge, was so overwhelming as active areas. It doesn't get. As active areas, it is not. But you're the one basically. No, but you or somebody in your office will argue for the application of the opportunity to observe high origin. Right? Why did you argue that the evidence was so overwhelming? How did you decide to change? Because I think the jury was entitled to all applicable law with respect to the primary and some of the two cases which you take advantage of. I can make all those in charge. The reasonable opportunity to observe is not without precedent. Most of the 11th Circuit case gets close to saying this. It can be a means to prove knowledge or evidence. That's why I asked you the question initially. It can be a means to prove knowledge. But it doesn't necessarily mean knowledge. That's what I'm saying. To take the case in charge. So shouldn't they just ask you to prove knowledge? And you know, the only way it comes out to the industry is, you know, Chris represents AMC. I'm so proud of you. You're the first in the United States Attorney to do that. And I think, correctly said, you can nonetheless be convicted of trafficking. As long as you have a reasonable opportunity to observe. You don't have to know. You don't have to be very honest. So if you spend enough time in the presidency just to be convicted, you may be convicted. And by the way, I think that is the law of gravity. So it's not just the case. It's not knowledge. It's an alternative theory of liability. It's not. In fact, it says, when you show that, you need not show knowledge. Right, that's all gravity. But let me just step back a little bit and give a little bit more of a background view. The reason for this conservative amendment, minor to no cases, ending in a resound case, is the grand jury clause of the Fifth Amendment. We know we want to present set of facts A to the grand jury, charge a defendant, prove set of facts B to the grand jury. Or somehow he feels like he was forced, he had to get into a factual analysis, which is such an issue. And which is the first thing that's going to come to mind. Here's my difficulty with the factual analysis. As you say, the whole defense in this case is stages to age. That's correct. I think he probably loses on it. But he's put in evidence in stages to age. He didn't decide to argue. I didn't have knowledge or a realistic assumption. But you're surely playing for opportunity. And so the jury probably doesn't have to respond to knowledge. I think that's the biggest issue. If you really dig down into the ways of events in this case, knowledge was established before he even entered. One of the things that you're really playing for is confidence. Is that the issue? The question is, how can we be confident that the jury didn't convict him, not on knowledge, but on a reasonable opportunity? Because I don't think you have argued that. You've argued that they are chipped into a series of clues and didn't know. They're chipped. Yeah, right. You said, no, we won. Because Cordova argued to the jury. Yeah, you're saying you thought it didn't make any difference because we had such overwhelming evidence of knowledge that he didn't win, for instance. Yeah, but I don't think the problem is that. In many cases, it's just we're so confident that there's all the alternatives. And we shouldn't shore up alternatives. You're right.  that there was not a constructive argument. But even if there was, it doesn't mean that there wasn't a constructive amendment. It was not prejudicial. It was harmless. I'm sorry. It's impossible to say. I don't know what it seems to be. But some of the case law says that the public will be able to review whether or not there's a constructive amendment. And to a host of people, it's like it's crossed all their doors. If there's a constructive amendment, that's it. You're the first one to account. Well, right. There's a certain case that says otherwise. Yeah, but a constructive amendment. The police, in one case, used two alternatives for a constructive amendment. One, is there a reasonable set of facts? That's what I'm trying to get to. The facts. Is that case in here? It is. And it's 778. I've squared it. And I say at 75. I don't know exactly what the signage looks like. Excuse me. Yeah, page 75. But it says there's two ways to get into it. One, a complex set of facts presented, a trial distinctly different from those who set forth the charging document, i.e., what was presented to the grand jury. Judge Ishii, you have both sets of facts here. He saw the facts coming out of the other. And he said, on the record, it's not a constructive amendment. So you just don't. We certainly don't. He's a terrific district judge. But the issue in front of him is exactly what's featured in front of us. We don't give any difference to his finding. But his finding's still based on the facts. Yeah. He doesn't have anything to do with facts. He doesn't have anything to do with charge. The facts are more or less whatever they are. One of its alternatives does have to do with the facts. And it's the first one I just read here. If we're trying to slip in lesser facts to the grand jury, you've been a defendant and been aware of the grand jury. You did. You did. I read your closing argument. The closing argument said, you know, the defendant was so doubtful, so reckless, but you can convict him just if you found that he had a reasonable opportunity to exert himself. And we sure showed that. Yeah. And so is that exactly the point? It's really the gist. It's really the gist of the closing argument. And you said to the judge, no, no, don't strike that reasonable opportunity to observe things. We want to recognize he had a reasonable opportunity. That's right. And you did. That's right. And you argued that it wasn't based on a lesser set of evidence. No. But it wasn't based on a lesser set of evidence. It truly is a lesser set of evidence. Once you've seen her, you don't have to know anything for a reasonable period of time. That's correct. But by the time he first saw her, she had already told him that she was a minor. Don't forget that. That's important. By the time he first saw her, he had told her. She had told him on her own. But I have heard great amounts of clips and tapes that tell the truth about minors and bishops and non-minors lawyers. Plenty of evidence here. You can't deny that. That's not an issue on the constructive side. The issue is whether or not we can exclude them from the jury committee. We want the choice in the gun made by the grand jury. But Weisjohn states it's a different thing than that. It says, this is a crime charge substantially altered at trial, so not excluding every potential possibility. It says it's a crime charge substantially altered at trial. It's not. It's based on precisely the same evidence. And there's even a language in Weisjohn that says, so it's impossible to know whether the grand jury would have indicted for a crime actually proved. And so that's what we need to focus on, not just the finite. Hey, there's three in the verdict form, and there's two in the indictment. You lose. No, what Judge Ducey did was exactly right. He said, let's look at Weisjohn. Let's analyze him. Let's apply the facts to the law. Let's see how to do it. Judge, you're more of the expert than I am on that. But to me, it's Judge Ducey did exactly that. He analyzed the facts. He didn't just cartelize that as coming in, just like I don't think it's proper for this court to say cartelize it. You lose. Or you goof. It's, let's analyze the facts. Let's analyze the legal elements. What's your position? I don't think it matters, Judge, since you started with me. What's your position of what the grand jury intended to do? My position is that the grand jury looked at the alphabets in 1594 and they didn't intend to charge Benioff and the statute because he had a reasonable opportunity to do so. I think the grand jury utilized 1594. I know you said that before I asked the question. Right. If I lack foundation, I'm going to object to myself. Yes, sir, no. Can we determine from this record that the grand jury intended to charge him with a reasonable opportunity to observe theory? I think you did. The department doesn't know how Mosey applies this case. What do we do with the facts that they didn't? We look at the fact that they used either element of 1591-A. Yes, they did. But doesn't the reasonable opportunity, when I look at the reasonable opportunity measure, it says you don't need to show those two elements. You don't need to show those two elements if there's a reasonable opportunity to assess the statute. In this case, the statute was in the rise of May of 2015. This case was tried in March of 2015. So we're using the prior statute as an alternative to knowledge. It's an alternative to knowledge. It's not a way of showing knowledge, but it's an alternative to knowledge. That's what the statute says. The statute says, I see. Okay. You don't think it means what it says. No, I'm not saying that. Let me ask you, 1591-C is put into establishment, 1591-B. Let me ask a different question, because your time has run out. Yes, we were to conclude, we were to find that there was a constructive amendment and that requires a reversal on that account. The other account still stands, right? So, what do we do? I mean, the agreement to resent it, I think that's what needs to happen so that she can take the entire record, including what happened here, and make a thorough assessment. And further, I suppose, if you wanted to, you could retry to defend it on that 1591 account because, you know, this is not a double jeopardy type of heurism. Is that right? Well, stating all the evidence and minor arguments, I think we would be free to retry. Sure. Let me ask one other question. I was going to say, the judge gave concurrence in that decision. Did you concur? Yes. Why would we have to send it back for a re-sentencing? If you didn't refer it, your point doesn't make arguments. You can't just say, let's look at the account for both, so we refer to 1591. Why would we send it back for a re-sentencing for 1591? Well, I think it was 1591 that was, I forget which one it was. Yeah, I think it was 1591. Oh, 1591. Yeah. I'm not sure you have to. I'm going to hear the side of caution here and say I'm not sure how it occurred to have Judge E. Siegel there and say it was 1591. I agree with how it would occur, but it seems to me when I look at the extension, it seems like he just assumed it was 1592. Well, I think the reason is because if one child is vacated, even though there is concurrence, the judge may, you know, do a lesser time on the remaining damages simply because they're no longer due counts. That's a possibility, right? Does the district court decide? I think the district court is calling. Very briefly, the court will say, are you handing in a license on this court, the Brooks case, and I'm not sure if the court knows the elements of that. Thank you, and we've taken you over time, and I appreciate your time. Thanks for your time, and for the reason stated, we would ask that the conditions be affirmed as well. Looks like you've got a minute. I think it's telling that we could take the statute and rewrite it exactly the way the statute is. Subsection A, the individual is guilty of interfering, impeding, intimidating, and subsection C, if the government proves assault, then it doesn't need to prove impeding, intimidating, and interfering. They're different elements, and the jury was instructed that if they find on assault, which is subsection C here, which is exactly what happened here, it is the charging decision of the grand jury. It is an element of the offense that was not charged, and by definition, that is a constructive amendment where the judge allowed the jury to convict on an alternative element that was not charged. And the government's attempt to distinguish based on the facts I think, I think the gentleman's correct. This is not about the facts. And furthermore, bold, the facts were so much more egregious than they were here. That individual had the individual locked in a room for, I think, eight days and was out prostituting her and was having sex with her on multiple occasions. I mean, there's no issue in that case that he didn't have a reasonable opportunity to observe. That's not what this is about. It's not about the facts. It's about the element that was charged. Let me just ask one question. With respect to the one that we haven't been talking about, the deceptional individualization of property or capital, is the only argument you're making that would result in us vacating the commission and letting everybody stay? Because I honestly think there has to be a conflict of hatred in the government. The government has to prove beyond a reasonable doubt that there was culpability, not knowledge, but in this case, where I will say this, with respect to the elemental fact that divides the individual. The judge instructed the jury that it was enough that the convict wasn't worthy of conviction. That they didn't have to make any findings. That's right. You're wrong about that. Do you have any other argument as to why that conviction is to be overturned? No, that's my conviction. I thought it was your only argument. That's my argument on count one. Do you need it for further clarification? No. The reason you made that argument, because that was a conflict of charge and contempt. No. The attempt was the 1951. That was the attempted sexual trafficking of a minor. The 2251 was the production charge. That was count one. So that's where I'm arguing mens rea. When we're looking in the context of the imposition of extremely harsh penalties, and I cite staples, excitement video, and the longest of the proposition, that absent expressed direction from Congress, which there was not here. And Congress has shown when it wants to, how to relieve the government of its burden. And I would point the court to 18 U.S.C., 2243, and 18 U.S.C. But you are arguing insufficient evidence. What you're arguing is that the jury wasn't instructed to make any findings. That's correct. That's correct. Okay. And in response to, yes, if this court were to find constructive amendment, it absolutely has to send it back. There's a 930 case directly on point, which I don't have in my fingertips, but it says that, and my colleague was correct, when this court unbundles the sentence and there's a conviction that's vacated, it is up to the district court at that point to assess the totality of the circumstances as before the court and the sentence. Thank you. Appreciate both sides already. We've seen this case and we'll take it under advisement on the case submitted.
judges: Tashima, Hurwitz, Adelman